IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

VERNON S. PLATT, )
 )
            Petitioner, )
 )
    v. )      1:15CV887
 )
CARLTON JOYNER, )
 )
           Respondent. )

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, submitted a document entitled "Notice for Writ of Habeas Corpus et Seq." together with a $5.00 filing fee. Even though Petitioner did not use the correct forms for a habeas corpus petition under 28 U.S.C. § 2254, it appears that Petitioner seeks to attack his state court criminal convictions. The document he filed is not a recognizable method for achieving this goal. Instead, the proper avenue for such an attack is ordinarily a petition for habeas corpus. For this reason, the Court will construe the submission as a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody. For the following reasons, the Petition cannot be further processed.

    1.    Petitioner has not used the required § 2254 Forms. Rule 2, R. Gov. § 2254 Cases. The Clerk will forward to Petitioner the proper forms.

    2.    Petitioner does not appear to state any viable claim for relief. He seeks to apply commercial and contract law to his state court criminal convictions. However, such law does not generally apply to criminal cases and Petitioner does not explain how it could apply to his. More importantly, Petitioner can only seek a writ of habeas corpus if his conviction or sentence violated his federal constitutional rights. He makes no such allegation.

3. Petitioner does not set out whether the instant Petition relates to the same convictions that he challenged in a prior petition under § 2254 in case 1:13CV406, but it appears likely. If so, Petitioner must apply to the United States Court of Appeals for the Fourth Circuit for an order authorizing this Court to consider the current petition. A habeas petitioner who seeks to file a second or successive habeas corpus application must move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A). Petitioner may obtain the proper forms and instructions from the Clerk if necessary. If Petitioner refiles in this Court, he must make clear whether he is challenging the same convictions and sentences involved in his previous Petition.

Because of these pleading failures, the Petition will be filed and then dismissed, without prejudice to Petitioner filing a new petition on the proper habeas corpus forms with the $5.00 filing fee, or a completed application to proceed *in forma pauperis*, and otherwise correcting the defects noted.[1] To further aid Petitioner, the Clerk is instructed to return the $5.00 filing fee and send Petitioner a new application to proceed *in forma pauperis*, new § 2254 forms, and instructions for filing a § 2254 petition, which Petitioner should follow.

---

[1] Because Petitioner's submission is being dismissed without prejudice and is not being decided on its merits, this case will not count as a first petition which would later trigger the prohibitions against second or successive petitions found in 28 U.S.C. § 2244(b). However, as noted, Petitioner's earlier filing may already count as his first petition. If it does not and if Petitioner chooses to later submit a § 2254 petition that conforms with this Order and Recommendation, he should be aware that he is normally entitled to have only one § 2254 petition decided on its merits. Second or successive petitions are barred from consideration by this Court unless a petitioner first receives permission from the Fourth Circuit Court of Appeals to file such a petition. 28 U.S.C. § 2244(b). That permission is granted only in very narrow circumstances. Because of this, Petitioner should act carefully in resubmitting a petition. See generally Castro v. United States, 540 U.S. 375 (2003). If Petitioner wishes to challenge his conviction, he must use the § 2254 forms supplied by the Court, include all of the claims for relief he wishes to raise, and closely follow the instructions provided. Petitioner may also choose not to submit a petition. Finally, if Petitioner wants a form of relief other than relief from his conviction or sentence, he should make that clear in any new submission and should state that he is not seeking to attack his conviction or sentence. He should not use the § 2254 forms in that instance.

*In forma pauperis* status will be granted for the sole purpose of entering this Order and Recommendation of dismissal with permission to file a new petition which corrects the defects of the present Petition.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to return the $5.00 filing fee and send Petitioner § 2254 forms, instructions, and a current application to proceed *in forma pauperis*.

IT IS RECOMMENDED that this action be construed as a habeas petition under 28 U.S.C. § 2254 and dismissed *sua sponte* without prejudice to Petitioner filing a new petition which corrects the defects of the current Petition. The new petition must be accompanied by either the five dollar filing fee or a current application to proceed *in forma pauperis*.

This, the 22nd day of October, 2015.

          /s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**